UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ADAYA BAKI, individually,<br><br>  Plaintiff,<br><br>Vs.<br><br>MIAMI-DADE COUNTY, FLORIDA, a Florida municipal Corporation; MIAMI-DADE COUNTY POLICE DEPARTMENT; DANIEL MONHEIM, a Miami-Dade County Police Detective in his official and individual capacity; WILBUR SANCHEZ, a Miami-Dade County Police Officer in his official and individual capacity; and UNIDENTIFIED JOHN DOE OFFICERS, of the Miami Dade Police Department in their individual capacity,<br><br>  Defendants. | CASE NO.: |

COMPLAINT FOR DAMAGES

Plaintiff, Adaya Baki, files this Complaint against the Defendants, MIAMI-DADE COUNTY, FLORIDA, hereinafter sometimes referred to as ("MIAMI-DADE"), MIAMI-DADE POLICE DEPARTMENT, hereinafter sometimes referred to as ("MDPD"), and MIAMI-DADE POLICE DETECTIVE DANIEL MONHEIM, Individually and in his Official Capacity as a Miami-Dade Police Detective; MIAMI-DADE POLICE OFFICER WILBUR SANCHEZ, , Individually ,and in his Official Capacity as a Miami Dade Police Officer and all UNIDENTIFIED JOHN DOE OFFICERS, of the Miami-Dade Police Department in their official capacity, collectively ("DEFENDANT OFFICERS") and states as follows, pursuant to 42 U.S.C. §1983, are unconstitutional on its face and as applied to Plaintiff under the Fourth,

1

Eighth and Fourteenth Amendments, the Supremacy Clause (Article 6, cl. 2) and the Contract Clause (Art. I, §10, cl. 1) of the United States Constitution, and because it is preempted by state law; and that the April 13, 2018 "Cease and Desist Order" was imposed without due process and in violation of Plaintiff's First, Fourteenth and Eighth Amendment Rights; Plaintiff further demands damages against the City for losses occasioned by the unconstitutional application of the City's laws and policies against the Plaintiff and for just compensation resulting from the taking of property within the meaning of the just compensation clause of the Fifth Amendment to the United States Constitution and for violations of equal protection under the law.

## JURISDICTION

1. This suit is brought pursuant to 42 U.S.C. §1983, and 1988.

   > **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...**

2. This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C. §1331 to hear cases arising under the Constitution of the United States, pursuant to 28 U.S.C. §1343(a)(3) to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution, and under 28 U.S.C. §1343(a)(4) to secure equitable or other relief for the protection of plaintiffs constitutional and civil rights.

3. Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367 (a) for this Court to decide claims that may arise under state law.

4. This Court also has jurisdiction to grant equitable relief for violation of civil rights and liberties pursuant to 42 U.S.C. §1983.

5. The Court may enter an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

6. This Complaint seeks damages for the violations of the Plaintiff's rights, privileges and immunities under the Constitution of the United States and 42 U.S.C. §§1983 and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under Fourth and Fourteenth Amendments to the U.S. Constitution.

## VENUE

7. Venue is proper in the Southern District of Florida, Miami Division, since the laws and policies complained of are those of the City of Miami, Florida, which is within the district and geographical area assigned to the Miami Division.

## THE PARTIES

8. Plaintiff, ADAYA BAKI, is a black male who at all times material hereto, was and is a resident of Miami, Florida.

9. Defendant MIAMI-DADE COUNTY is a municipality duly incorporated and existing under the laws of the State of Florida, located in Miami-Dade County, Florida. The Miami-Dade County owns and, operates, manages, directs and controls the Miami-Dade Police Department ("MDPD"), as a constituent department or agency. The Miami-Dade County is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the MDPD and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

10. Defendant, WILBUR SANCHEZ and Defendant DANIEL MONHEIM, who was or is, at all time's material hereto, a police officer or supervisor employed by the Miami-Dade Police Department, and are believed to be residents of Miami-Dade County, Florida.

11. Defendants, UNIDENTIFIED JOHN DOE OFFICERS ("UNIDENTIFIED JOHN JOHN DOES") who are or were, at all time's material hereto, police officers or supervisors with MDPD, are sued in their individual capacities.

12. Defendants, MIAMI-DADE COUNTY and MIAMI-DADE COUNTY POLICE DEPARTMENT were at all relevant times responsible for its employees. MIAMI-DADE COUNTY POLICE DEPARTMENT is charged under the law with the duty of hiring, supervising, training, disciplining, and establishing policy such that the conduct of its employees will conform to the Constitutions of the State of Florida and of the United States, as well as the laws of said sovereigns.

13. MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, and its officers, DEFENDANT OFFICERS are "persons" for purposes of 42 U.S.C. Section 1983.

14. At all times relevant to this cause, the DEFENDANT OFFICERS acted in conformance with policy pertaining to, among other things, investigation, arrests, and use of force, as set by the MIAMI-DADE COUNTY POLICE DEPARTMENT, as well as acting within the course and scope of their employment. At all times, the DEFENDANTS acted under color of law.

15. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional

rights as secured by the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims for civil battery and false arrest.

## GENERAL ALLEGATIONS

16. This is a civil rights action in which named Plaintiffs seek relief for Defendants' violations of their rights, privileges, and immunities as guaranteed by the Civil Right Act of 1871,42 U.S.C § 1983; the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; Title VI of the Civil Rights Act of 1964, 42U.S.C. § 2000(d), *et seq.*("Title VI"); the Equal Protection Clause; and the constitution and laws of the State of Florida.

17. Defendants have implemented and are continuing to enforce, encourage and, sanction a policy, practice, and/or custom of unconstitutional harassment, searches, seizures, arrests and prosecutions of city residents, including

18. Plaintiff and his family have been repeatedly harassed by MDPD officers, all of which is done without the reasonable articulable suspicion and/or probable cause required under the Fourth Amendment.

19. In addition, this pattern and practice of unconstitutional stop-and-frisks, searches, seizures, and arrests by MPD officers utilizes race and/or national origin, not reasonable suspicion or probable cause, as the determinative factors in conducting said actions, in violation of the Equal Protection Clause of the Fourteenth Amendment. The victims of this racial and /or national origin profiling are principally black males.

20. MDPD's widespread constitutional abuses are a result of, and are directly and proximately caused by, policies, practice, and/or customs devised, implemented and enforced by the Miami-Dade County who have acted, and continue to act, with deliberate indifference to the

constitutional rights of those who come into contact with MDPD officers by: (a) failing to properly screen, train, and supervise MDPD officers; (b) inadequately monitoring MPD officers during and after stop-and-frisks, searches, seizures, and arrests;(c) failing to sufficiently discipline MDP officers who engaged in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify MDPD's unconstitutional practices.

21. The constitutional abuses are a result of either unconstitutional policies, or policies, that while constitutional on their face, are implemented I such a way that violate constitutionally protected rights. Additionally, all constitutional abuses have occurred under the color of authority by MPD officers.

22. Plaintiff, Adaya Baki is black male who has been a resident of Miami-Dade County his entire life and who has been targeted by the named Defendant Police officers.

23. Over the course of approximately eight years, spanning from 2007 to 2015, Adaya Baki was unlawfully stopped-and-frisked, searched, seized, and/or arrested by MDPD officers in Miami-Dade County.

24. In an effort to continue their harassment against Adaya Baki, Defendants, and each of them caused the arrest and prosecution of Adaya Baki in 2007 for two counts of Felony Battery on a Police officer and One Count of Felony Obstruction of Police and One Count of Felony Resisting and Officer with violence. This matter was taken to trial and Mr. Baki was acquitted of all charges on January 9, 2008.

25. Once again on or about August 2009 Adaya Baki was arrested and charged with the identical crimes he had been acquitted of the previous year. Once again he was arrested and charged with Felony Obstruction of Police and Felony Battery on a Police Officer, Once again Mr. Baki took this matter to trial and was acquitted on October 20, 2009.

26. The final straw occurred on the night of October 25, 2011 when Adaya Baki, who lived with his mother Kathi Beese at that time heard a series of gunshots.

27. Upon further investigation Adaya Baki witnessed a suspicious car with the motor running up the street from his house.

28. Fearing for his safety Mr. Baki called 911 and then him and his brothers proceeded to arm themselves.

29. Mr. Baki further informed 911 that he and his brothers were in fear of their lives and all had armed themselves with their duly registered weapons.

30. The 911 operated advised Adaya Baki to stay on the property.

31. The entire Baki household, which also consisted of Mr. Baki's two young nieces and nephews, who were present with their mother and father , who also resided in the house had moved to the outside porch to wait for the police arrive.

32. However rather than come to the aide of the Baki household, they pulled their guns out and surrounded the residence.

33. The MDPD then proceeded to throw tear gas into the home, breaking almost all the windows in the house out with either the bombs or their batons.

34. The majority of the Adaya Baki and his families personal property was destroyed by the illegal search, including but not limited to televisions, computers and clothing.

35. The children whom were three months old and three years old were held in MDPD squad car for over 8 hours after being shot at and exposed to tear gas by the MDPD officers, prior to finally being placed into the custody of the Department of Children and Families.

36. In total all seven adults who resided with Adaya Baki were arrested, two of which were the parents of the children who were taken by Florida Department of Children and Families ("DCF").

37. On or about October 27, 2011 Mr. Baki was charged with Felonious Assault on a Law Officer with Violence; Kidnapping; Felony Child Abuse; Assault on a Police Officer.

38. In total Mr. Baki was charged with 11 separate charges, all which Mr. Baki was required to take before a jury to prove his innocence.

39. Once again on December 12, 2014 Mr. Adaya Baki was acquitted of all charges.

40. Once again on November 19, 2015 Adaya Baki was illegally detained by MPD in the driveway of his mother, and had his weapons, which he was duly licensed to carry ceased.

41. It is the arrest and trial that occurred on or about December 12, 2014 along with the illegal seizure of the Adaya Baki weapons which lead to the herein complained of deprivations subject matter to this litigation.

42. The following named Defendants, all of whom were acting under color of law, were involved in at least one of the more of the subject matter incidences.

## COUNT I

**Individual Claim of ADAYA BAKI, Pursuant to 42 U.S.C §1983, for violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

43. Plaintiff, Adaya Baki, re-alleges paragraphs 1-42 as fully set forth herein.

44. The conduct of the Miami-Dade County Police Officers, and specifically the Defendant Monheim and Defendant Sanchez, in raiding the plaintiffs residence, shooting at the house with

8

guns, dispelling tear gas, searching, seizing, and/or arresting Adaya Baki was performed under color of law and without reasonable articulable suspicion and/or arguable probable cause.

45. Moreover, each of these searches, seizures, and/or arrests were performed on the basis of the race and/or national origin.

46. A reasonable police officer would not have believed there existed reasonable articulate suspicion or probable cause to surround Adaya Baki's home and eventually have a shoot out and throw tear gas at his residence, after he called 911 for his and his families protection from the terrifying gunshots he had reported.

47. As a direct and proximate result of such acts, the Miami Dade County Police Officers deprived Adaya Baki of his constitutionally protected rights under the Fourth Amendment.

48. As a direct and proximate result of the referenced constitutional abuses, Adaya Baki has suffered, and will continue to suffer, physical, mental, and pain and suffering, mental anguish, embarrassment, and humiliation.

49. The acts of the Miami Dade Police Department were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Adaya Baki to an award of punitive damages.

50. Defendant, Miami-Dade County and Defendant Miami Dade County Police Department directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the Defendant Police Officers.

**WHEREFORE**, ADAYA BAKI requests judgment against Defendants, the MIAMI DADE COUNTY, Defendant MIAMI-DADE POLICE DEPARTMENT  and the DEFENDANT DANIEL MONHEIM; DEFENDANT WILBUR SANCHEZ AND UNIDENTIFIED JOHN

DOE Police office of the Miami Dade Policers Department, for compensatory damages, punitive damages, reasonable attorney fees, costs, pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues.

## COUNT II

### Individual Claim of Adaya Baki ,Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment

51. Plaintiff, Adaya Baki realleges paragraphs 1-42 as if fully set forth herein.

52. The Miami Dade County Police Department have implemented and enforced a policy practice and/or custom of stop-and- frisking, searching ,seizing,and/or arresting Adaya Baki without reasonable articulable suspicion and/or arguable probable cause and, instead, based solely on his race and/or national origin.

53. There is direct, circumstantial and/or statistical evidence that Adaya Baki was, and continues to be, a target of racial profiling by the Miami Dade County Police Department officers in this action.

54. As a result of MDPD's policy, practice, and/or custom (specifically, the racial Targeting Policy) of stopping-and-frisking, searching, seizing, and arresting Adaya Baki without reasonable articulable suspicion and/or probable cause the Miami Dade County Police Department intentionally discriminated against a member of a protected class.

55. As a direct and proximate result of such acts, the Miami Dade County Police Department have deprived Adaya Baki of his constitutionally protected rights under the Fourteenth Amendment.

56. As a direct and proximate result of the referenced constitutional abuses, Adaya Baki has suffered, and will continue to suffer, physical, mental, and emotional pain and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

57. The acts of the Miami Dade County Police Department are intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Adaya Baki to an award of punitive damages.

**WHEREFORE**, ADAYA BAKI requests judgment against Defendants, the MIAMI DADE COUNTY, Defendant MIAMI-DADE POLICE DEPARTMENT and the DEFENDANT DANIEL MONHEIM; DEFENDANT WILBUR SANCHEZ AND UNIDENTIFIED JOHN DOE Police officers of the Miami Dade Police Department, for compensatory damages, punitive damages, reasonable attorney fees, costs, pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues

## COUNT III

### Individual Claim of Adaya Baki, Pursuant to 42U.S.C § 1983, for Malicious Prosecution in Violation of the Fourth Amendment

58. Plaintiff, Adaya Baki re-alleges paragraphs 1-42 as if fully set forth herein.

59. Plaintiff, Adaya Baki was arrested on October 25, 2011 and charged in Miami-Dade County Circuit Court with 7 counts, including one count of kidnapping his own children.

60. As a result of the arrest and charges a judicial proceeding commenced against Adaya Baki and he was forced to take the matter to trial to prove his innocence.

61. The Miami Dade County Police Department, and specifically Defendant Detective Monheim; Defendant, Sanchez and the other Unknown John Doe Officers were each the legal cause of the original proceedings against Adaya Baki.

62,  The termination of the original proceedings against Adaya Baki on December 12, 2014 constituted a bona fide termination of that proceeding in favor of Adaya Baki and the arrest and charges against him.

63. Specifically, in the eleven charges, either the State Attorney's Office took "no action" against Adaya Baki or the Court Dismissed the charges, finding the arrests were made without probable cause.

64.  In summary the arrest and criminal proceedings commenced by the Miami-Dade Police Department were absent probable cause.

65.  The Miami-Dade Police Department operated with malice in arresting Adaya Baki while he was in the privacy of his home – without arguable probable cause to arrest Adaya Baki, but notwithstanding this knowledge, proceeded to shoot at his residence and person, throw tear gas into his residence and arrest him anyway.

66.  Adaya Baki suffered and continues to suffer damages, as a result of the arrests and criminal proceedings Adaya Baki was incarcerated following his arrest and/or arraignment to await bond hearings and/or trial and therefore was seized in violation of his Fourth amendment Rights.

   **WHEREFORE**, ADAYA BAKI requests judgment against Defendants, the MIAMI DADE COUNTY, Defendant MIAMI-DADE POLICE DEPARTMENT and the DEFENDANT DANIEL MONHEIM; DEFENDANT WILBUR SANCHEZ AND UNIDENTIFIED JOHN DOE Police officers of the Miami Dade Police Department, for compensatory damages, punitive damages, reasonable attorney fees, costs, pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues.

## COUNT IV

**Individual State Law Claim of Adaya Baki for Civil Battery**

67. Plaintiff, Adaya Baki, re-alleges Paragraphs 1 through 42, as if fully set forth herein.

68. This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, set forth above.

69. The conduct of Defendant Detective D. Monheim; Defendant Sanchez, and Unknown John Does of police officers of the Miami Dade Police Department, in illegally surrounding and shooting at Adaya Baki and his family along with causing tear gas to be thrown in or around the residence, illegally searching and arresting Adaya Baki, was intentional, malicious, wanton and willful, and intended to cause a harmful or offensive contact with the person of Adaya Baki.

70. The conduct of the Defendant Detective D. Monheim; Sanchez; and the John Doe police officers of Miami Dade County Police was committed within the course and scope of their employment with Defendant, Miami Dade County Police Department..

71. Miami Dade County, and Miami Dade County Police Department, are responsible for the batteries committed by the Defendant Detective D. Monheim; Defendant Sanchez; and the unknown John Doe police officers of Miami-Dade Police Department upon the person of Adaya Baki, in that the civil batteries was intentional, was committed within the course and scope of the Defendant Detective D. Monheim; Defendant Sanchez; and the unknown John Doe police officers of Miami-Dade Police Department of whom are employed with MDPD, such that the doctrine of respondent applies to this action.

72. As a direct and proximate result of the batteries detailed above, Adaya Baki suffered bodily injury which resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Adaya Baki will suffer such losses in the future.

    **WHEREFORE**, ADAYA BAKI requests judgment against Defendants, the MIAMI DADE COUNTY, Defendant MIAMI-DADE POLICE DEPARTMENT and the DEFENDANT DANIEL MONHEIM; DEFENDANT WILBUR SANCHEZ AND UNIDENTIFIED JOHN DOE Police officers of the Miami Dade Police Department, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper, including demand for jury trial.

## COUNT V

### Individual State Law Claim of Adaya Baki for False Arrest

73. Plaintiff, Adaya Baki, realleges Paragraphs 1 through 42., as if fully set forth herein

74. This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 43 U.S.C. § 1983, as set forth above.

75. The conduct of Defendant Monheim; Defendant Sanchez; an the unknown John Doe police officers of the Miami-Dade Police Department were intentional, willful, wanton, and malicious and was committed within the course and scope of their employment with Defendant Miami Dade Police Department.

76. Adaya Baki was unlawfully detained and deprived of his liberty against his will when the Miami Dade County Police Department arrested him on October 25, 2011 and May 2015 without legal authority.

77. The conduct of the Miami Dade County Police Department resulted in repeated false arrests of Adaya Baki, as the arrests were made without probable cause or even arguable probable cause. Each arrest was unreasonable and unwarranted under the circumstances.

78. Miami Dade County and the Miami Dade County Police Department are responsible for the false arrests of Adaya Baki in that the false arrests were intentional, willful, wanton, and malicious and were committed within the course and scope of the Miami Dade County Police Department and specifically Defendant Detective D. Monheim; Defendant Sanchez; and the Unknown John Doe police officer of the Miami Dade Police Department, whose employment with Miami Dade Police Department, is such that the doctrine of respondent superior applies to this action.

79. As a direct and proximate result of the false result of the false arrests detailed above, Adaya Baki suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages and loss of ability to earn Money. These injuries and losses are permanent and continuing, and Adaya Baki will suffer such losses in the future.

**WHEREFORE**, ADAYA BAKI requests judgment against Defendants, the MIAMI DADE COUNTY, Defendant MIAMI-DADE POLICE DEPARTMENT and the DEFENDANT DANIEL MONHEIM; DEFENDANT WILBUR SANCHEZ AND UNIDENTIFIED JOHN DOE Police office of the Miami Dade Police Department, for compensatory damages, punitive

damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper, including demand for jury trial.

## COUNT VII

### Individual State Law Claim of Adaya Baki for Malicious prosecution

80. Plaintiff, Adaya Baki, re alleges Paragraphs 1 through 42, as if fully set forth herein.

81. This is an action, under the common law of the State of Florida, for malicious prosecution.

Such claims arise from common nucleus of operative facts as the violations of 42U.S.C. § 1983, as set forth above.

82. Adaya Baki was arrested on October 25, 2011, which resulted in the filing of a criminal action in Miami-Dade Circuit Court. Which the Plaintiff was later acquitted for.

83. Defendants Police officerswere each legal cause of the original proceedings against Adaya Baki at all times.

84. The termination of the criminal proceedings on Decemeber12, 2014 against Adaya Baki constituted a bona fide termination of that proceeding in favor of Adaya Baki. Specifically, in thirty of the instances, the State Attorney's Office took "no action" against Adaya Baki or and the Court acquitted Adaya Baki of the offenses of Kidnapping With A Weapon, Firearm or Aggravated Assault on a Legal Officer.

85. In summary, the arrest and criminal proceedings commenced by the Defendant Police Officers were commenced absent probable cause.

86. The Defendant of Police Officers operated with malice in arresting, Adaya Baki– without probable cause to arrest Adaya Baki but, notwithstanding this knowledge and the knowledge that Adaya Baki had called 911 because of the shots heard, proceeded to arrest him anyway.

87. Adaya Baki suffered, and continues to suffer damages, as a result of the original proceedings. Adaya Baki was incarcerated following his arrests and incurred substantial attorneys fees in proving his innocence for the illegal arrests..

**WHEREFORE**, ADAYA BAKI requests judgment against Defendants, the MIAMI DADE COUNTY, Defendant MIAMI-DADE COUNTYPOLICE DEPARTMENT and the DEFENDANT DANIEL MONHEIM; DEFENDANT WILBUR SANCHEZ AND UNIDENTIFIED JOHN DOE Police officers of the Miami Dade Police Department, for compensatory damages, punitive damages, reasonable attorney fees, costs, pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, ADAYA BAKI, individually demands a trial by jury, and judgment against the DEFENDANTS, MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, DEFENDANT DANIEL MONHEIM; in his individual and official capacity; DEFENDANT WILBUR sanchez, in his individual and official capacity; and UNIDENTIFIED JOHN DOE Police Officers of the Miami Dade Police Department, in their individual and official capacity (Collectively "DEFENDANTS") for special damages, damages for past, present, and future medical expenses, compensatory damages, exemplary

and punitive damages, pain and suffering, and impairment of future earning capacity, together with attorney's fees and the costs of this suit and such other relief as the court may deem just and proper.

                                                    Respectfully submitted,

**LAW OFFICE OF RAVEN LIBERTY, P.A.**
1175 NE 125th St., Suite 215
Miami, FL 33161
Telephone: 305-459-0756
Facsimile: 305-459-4457
Pleadings.liberty@gmail.com
Libertyoffice210@gmail.com

s/ Raven Ramona Liberty_____
Raven Ramona Liberty, Esq
Fl. Bar No.: 698431